IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No.  14-cv-530-DRH-SCW |
| | ) | |
| ESTATE OF SANDRA JEAN GRAY, | ) | |
| DECEASED, SHELBY LAMBERT, JP | ) | |
| MORGAN CHASE BANK, N.A. f/k/a | ) | |
| BANK ONE NA, STATE OF ILLINOIS | ) | |
| DEPARTMENT OF HEALTHCARE AND | ) | |
| FAMILY SERVICES, UNKNOWN HEIRS | ) | |
| AND/OR LEGATEES OF THE ESTATE | ) | |
| OF SANDRA JEAN GRAY, DECEASED, | ) | |
| UNKNOWN OWNERS and NON-RECORD | ) | |
| CLAIMANTS | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

The plaintiff, United States of America, by its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Gerald M. Burke, Assistant United States Attorney, pursuant to 28 U.S.C. § 1345, alleges the following cause of action for foreclosure:

    1.    Plaintiff files this complaint to foreclose the mortgage or other conveyance in the nature of a mortgage, arising in Jefferson County, in the Southern District of Illinois, and to join the following persons as defendants:

Estate of Sandra Jean Gray, Deceased, Shelby Lambert, JP Morgan Chase Bank, N.A. f/k/a Bank One NA, State of Illinois Department of Healthcare and Family Services, Unknown Heirs and/or Legatees of the Estate of Sandra Jean Gray, Deceased, Unknown Owners and Non-Record Claimants.

2.      Attached as Exhibit "A" is a copy of the mortgage; Exhibit "B" is a copy of the note secured thereby; Exhibit "C" is the notice of acceleration; and Exhibit "D" is a copy of the affidavit of abandonment.

3.      Information concerning mortgage:

| | | |
|---|---|---|
| a. | Nature of instrument: | Mortgage |
| b. | Date of mortgage: | Ex. A, April 6, 1994 |
| c. | Names of mortgagors: | Ex. A, Philip L. Gray and Sandra Gray, Husband and Wife |
| d. | Name of mortgagee: | United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture, f/k/a Farmers Home Administration |
| e. | Date and place of recording: | Ex. A, April 7, 1994, Jefferson County, Illinois |
| f. | Identification of recording: | Ex. A, recorded in Mortgage Record Cabinet 5, Drawer 1, Instrument No. 1928, Jefferson County, Illinois |
| g. | Interest subject to the mortgage: | Fee Simple |
| h. | Amount of original indebtedness, including subsequent advances made under the mortgage: | $68,000.00 |

i.      Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

(1)     Legal description of the mortgaged premises:

Lot 2 in Holloway's Second Addition to the City of Mt. Vernon as shown by Plat thereof recorded in Plat Record 3 at page 68 in the Recorder's Office of Jefferson County, Illinois, EXCEPT Grantor reserves a ten (10) foot utility easement off of the entire West side of said property, all situated in JEFFERSON COUNTY, LLINOIS.

Tax I.D. No. 07-28-427-010

       (2)      Common address or location of mortgaged premises:

              900 Ellis Drive, Mt. Vernon, Illinois 62864

j.      Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning the default:

       (1)      Mortgagors have not paid the monthly installments of principal, interest, taxes, and/or insurance for April 25, 2013, through the present, and the secured note is in default and arrears in the total amount of $21,140.26.

       (2)      The current unpaid principal balance is $56,716.99, and the interest is $6,177.82, for a total of $108,189.03.

       (3)      The total amount now due is $108,189.03 as of March 24, 2014, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees.

       (4)      The per diem interest accruing under the mortgage after default is $10.0093.

       (5)      Taxes due:  General real estate taxes for the year 2013 due and payable in 2014.

k.      Name of present owners of the real estate:   Heirs of Sandra Gray, deceased

l.      Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

       (1)      Shelby Lambert, as daughter of Sandra Jean Gray, deceased.

       (2)      JP Morgan Chase Bank, NA f/k/a Bank One, NA, by virtue of a Memorandum of Judgment recorded September 27, 2010 as Document No. 201005124.

       (3)      State of Illinois Department of Healthcare and Family Services, by virtue of a Notice and Claim of Lien recorded December 5, 2012 as Document No. 201206444.

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

m.     Names of defendants claimed to be personally liable for deficiency, if any:

       Not applicable.

n.     Capacity in which plaintiff brings this foreclosure:

       As the owner and legal holder of said note, mortgage, and indebtedness.

o.     Facts in support of shortened redemption period, if sought:

       Ex. D, the plaintiff states the subject property has been abandoned as
       evidenced by the affidavit of abandonment and requests the redemption
       period be reduced to 30 days.

p.     Statement that the right of redemption has been waived by all owners of
       redemption, if appropriate:

       Rural Development waives any and all rights to a personal deficiency
       judgment against the defendant.

q.     Facts in support of request for attorney's fees, costs, and expenses, if
       applicable:

       Plaintiff has been required to retain counsel for prosecution of this
       foreclosure and to incur substantial attorney's fees, court costs, title
       insurance or abstract costs, and other expenses which should be added to
       the balance secured by the mortgage.

r.     Facts in support of a request for appointment of mortgagee in possession
       or for appointment of a receiver, and the identity of such receiver, if
       sought:

       Not applicable.

s.     Plaintiff does NOT offer to mortgagor in accordance with 735 ILCS §
       5/15-1402, to accept title to the real estate in satisfaction of all
       indebtedness and obligations secured by the mortgage without judicial
       sale.

t.     Name or names of defendants whose right to possess the mortgaged real
       estate, after the confirmation of a foreclosure sale, is sought to be
       terminated and, if not elsewhere stated, the facts in support thereof:

       Heirs of Sandra Jean Gray, deceased

4

4.      The statements contained in the statutory form complaint authorized by 735 ILCS § 5/15-1504(a) are "deemed and construed" to include the factual allegations provided by 735 ILCS § 5/15-1504(c), (d), and (e).   As stated in the affidavit attached hereto as Exhibit "D", the above-described property is abandoned.

## REQUEST FOR RELIEF

Plaintiff requests:

1.      A judgment to foreclosure and sale,

    a.      That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff.

    b.      That the mortgagor be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a short date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with attorney's fees and costs of the proceedings (to the extent provided in the mortgage or by law).

    c.      That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the federal rate from the date of judgment pursuant to 28 U.S.C. § 1961(a).

    d.      That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate.

2.      An order granting a shortened redemption period, if sought.

3.      An order granting possession, if sought.

4.      An order placing the mortgagee in possession or appointing a receiver, if sought.

5.      A judgment for attorney's fees, costs, and expenses, if sought.

6.      Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure and sale or other orders entered herein provide for the following pursuant to 735 ILCS § 5/15-1506(f):

1.      A sale by public auction.

2.      A sale by open bid.

3.      A judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid.

4.      That title in the real estate may be subject, at the sale, to exceptions including all general real estate taxes payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

5.      In the event a party to the foreclosure is a successful bidder at the sale, that such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

*s/ Gerald M. Burke*

GERALD M. BURKE
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL  62208-1344
Phone:  (618) 628-3710
Fax:  (618) 622-3810
E-mail:  Gerald.Burke@usdoj.gov